IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-223-FL

| | |
|---|---|
| FREDDIE BEATTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on its own motion. Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the clerk is directed to file the attached Memorandum & Recommendation to correct a clerical error on page two of the Memorandum & Recommendation submitted by the undersigned and entered on the docket on January 27, 2017 [DE #20].

This 8th day of February 2017.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-223-FL

| | |
|---|---|
| FREDDIE BEATTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | (Corrected) |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Freddie Beatty ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Social Security Income ("SSI") benefits. The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE #16] be granted, Defendant's

---

[1] Plaintiff's complaint names Carolyn W. Colvin in her official capacity as Acting Commissioner of Social Security as a defendant to this action. Nancy A. Berryhill is now the Acting Commissioner of Social Security and therefore is substituted as a defendant to this action. *See* Fed. R. Civ. P. 25(d).

Motion for Judgment on the Pleadings [DE #18] be denied, and that the Commissioner's decision be remanded for further proceedings.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability, DIB, and SSI on March 5, 2012 (R. 20), alleging disability beginning October 1, 2011. (R. 20.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 56-57, 76-77, 119-21.) On February 11, 2014, a hearing was held before Administrative Judge Marcus Christ ("ALJ"), who issued an unfavorable ruling on May 19, 2014. (R. 20, 27.) On May 11, 2015, the Appeals Council denied Plaintiff's request for review. (R. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to

2

re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since October 1, 2011, and that he meets the insured status requirements through September 30, 2014. (R. 22.) Next, the ALJ determined Plaintiff had the following severe impairment: "lumbar disc degeneration." (*Id.*) The ALJ also found that Plaintiff had the following non-severe impairments: diabetes mellitus, hypertension, and a hernia. (R. 23.) However, at step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform medium work with the following limitations:

> The claimant can frequently climb ladders, ropes, scaffolds, ramps and stairs, and can frequently balance, stoop, kneel, crouch, and crawl. Further, the claimant can frequently push and pull.

(R. 23.) In making this assessment, the ALJ found Plaintiff's statements about the severity of his symptoms not fully credible. (R. 24.) At step four, the ALJ concluded Plaintiff had the RFC to perform the requirements of his past relevant work as a "janitor, truck driver, and warehouse worker." (R. 26.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on three grounds. Plaintiff first contends that the ALJ erred in failing to find that his diabetes is a severe impairment. Second, Plaintiff asserts that the ALJ conducted a flawed RFC assessment by improperly weighing the opinion of the state agency medical consultants who conducted a consultative examination after the hearing before the ALJ. Third, Plaintiff contends the ALJ conducted an improper credibility analysis.

### A. Severity of Impairments

Plaintiff first contends that the ALJ committed reversible error at step two of the sequential evaluation process by failing to classify Plaintiff's diabetes as a severe impairment. Plaintiff argues that the ALJ failed to consider all relevant evidence pertaining to Plaintiff's diabetes and that the record does not support the finding that Plaintiff's diabetes had such a minimal effect that it would not interfere with his ability to do basic work activities.

A "severe" impairment within the meaning of the regulations is one that "significantly limits . . . [a claimant's] physical or mental ability to do basic work activities."[2] 20 C.F.R. §§ 404.1520(c), 416.920(c). Conversely, an impairment is not severe "when medical evidence establishes only a slight abnormality or a combination

---

[2] Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." *Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986) (citing 20 C.F.R. § 416.921(b)). For example, work activities might include walking, standing, sitting, lifting, pushing, pulling, and reaching; the capacity to see, hear and speak; and understanding, carrying out, and remembering simple instructions. *Id.*

of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." SSR 85-28, 1985 WL 56856, at *3 (Nov. 15, 1985); *see also Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir. 1984). The claimant has the burden of demonstrating the severity of her impairments. *Pass*, 65 F.3d at 1203.

At step two of the sequential evaluation process, the ALJ must determine whether a claimant's impairment(s), individually or in combination, are "severe." 20 C.F.R. §§ 404.1523, 416.923. So long as a claimant has any severe impairment or combination of impairments, the ALJ must proceed beyond step two and consider all of the impairments (including non-severe impairments) at the remaining steps of the sequential evaluation process. *Id.*; *see also* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (explaining that the existence of one or more severe impairments requires the ALJ to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'").

Courts have found that an ALJ's failure to find a particular impairment severe at step two does not constitute reversible error where the ALJ determines that a claimant has other severe impairments and proceeds to evaluate all the impairments at the succeeding steps in the evaluation. *See Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (agreeing with various circuit and district courts that "it is not reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation *provided the ALJ considers that impairment in subsequent steps*" (emphasis added)) (citing, *inter alia*,

6

*Hill v. Astrue,* 289 Fed. App'x 289, 292 (10th Cir. 2008) and *Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir. 1987)).

Defendant argues that any error regarding the ALJ's failure to classify Plaintiff's diabetes is harmless because (1) the ALJ discussed Plaintiff's diabetes during the RFC assessment and, relatedly, (2) there is no objective evidence regarding Plaintiff's neuropathy. (Def.'s Mem. Supp. Mot. Summ. J. [DE #19] at 8.) This is not entirely true. Specifically, the record shows that a medical doctor performed a physical examination of Plaintiff which incorporated nervous system testing and concluded that Plaintiff had loss of sensation in his hands and feet. (R. 294). Even assuming the ALJ did not err in finding Plaintiff's diabetes to be non-severe, he was not permitted to omit consideration of this impairment and any resulting neuropathy at subsequent steps in the disability determination. *See Jones*, 2009 WL 455414, at *2. As discussed in more detail in the following section concerning the RFC assessment, the ALJ failed to consider this impairment in the subsequent steps of the disability determination.

In sum, the ALJ found in Plaintiff's favor at step two and proceeded to the remaining steps of the sequential evaluation process. (R. 12-25.) However, the failure to classify Plaintiff's diabetes as severe is not harmless because the ALJ failed to consider Plaintiff's neuropathy in the subsequent steps. Therefore, the matter should be remanded to the Commissioner for further consideration.

B.   Residual Functional Capacity

Plaintiff next alleges that the ALJ made a flawed RFC determination by failing to give proper consideration to a state agency consultative examination conducted following the hearing at the ALJ's direction. The undersigned agrees.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 416.945(a)(1). In determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 416.945(a)(4). It is based upon all relevant evidence and may include the claimant's own description of limitations from alleged symptoms. SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. § 416.945(a)(3). Finally, the RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7.

The record in this case indicates that Plaintiff has been diagnosed with degenerative disc disorder, diabetes, and hypertension. The ALJ's RFC assessment is flawed for two reasons. First, there is no evidence in the ALJ's opinion that he considered Plaintiff's diabetes and neuropathy when formulating the RFC. Even assuming these impairments are not severe, an RFC assessment "requires a combined analysis of all physical and mental impairments." *Reichenbach v. Heckler*,

8

808 F.2d 309, 312 (4th. Cir. 1985). In order to determine whether substantial evidence supports the ALJ's findings, the ALJ must "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725. F.2d 231, 235 (4th Cir. 1984) (citations omitted).

Plaintiff's diabetes is well-documented throughout the record. (R. 23, 39-42, 57-58, 61, 67, 70, 76-78, 81-82, 87, 90-91, 97, 101-02, 107, 111, 129, 134, 138, 143, 148, 152, 213, 215, 224, 232, 250-51, 272, 275-76, 283, 285, 287, 292-93, 295, 305). Diabetes is a commonly known cause of neuropathy. *See, e.g.,* STEDMAN'S MEDICAL DICTIONARY 1212 (27th ed. 2000). The ALJ-ordered consultative examination conducted by Dr. Gebrail in March 2014 notes Plaintiff's neuropathy. (*See* R. 294 ("Sensation was diminished in the lower extremities with 7 out of 10 monofilament stimuli felt bilaterally of the lower extremities. He has loss of sensation at the heels in the lateral feet bilaterally. He also has loss of sensation at the extreme fingertips on bilateral hands.").) The ability to have sensation in one's hands and feet is undeniably relevant to one's ability to perform work as a truck driver, warehouse worker, or janitor. Yet the ALJ's decision fails to indicate how, if at all, he gave any consideration to this medical evidence in considering Plaintiff's RFC.

Second, the ALJ's opinion fails to discuss how he resolved the material inconsistency between his finding that Plaintiff could perform medium work and documented medical opinion that Plaintiff would have difficulty performing the tasks required for such work.

9

An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R §§ 404.1527(b)-(c), 416.927(b)-(c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

Dr. Gebrail, the medical doctor who completed the state agency consultative examination ordered by the ALJ, opined as follows:

> [Plaintiff] is going to have difficulty returning to his previous line of employment, which requires heavy lifting and maneuverability climbing on trucks. He would have difficulty with any heavy lifting, bending, pulling, pushing, stooping or twisting, as well as climbing, jumping, possibly standing, sitting for long periods of time without the ability to change positions frequently.

(R. 295.) The report indicates that Dr. Gebrail's opinions are based upon his review of Plaintiff's medical records, clinical observations during a physical examination of Plaintiff, in addition to Plaintiff's subjective assessment of his symptoms. (R. 292-95).

10

The ALJ's opinion omits any discussion of this aspect of Dr. Gebrail's medical opinion. (R. 25). This medical opinion is relevant given that the Vocational Expert ("VE") testified that a person with Plaintiff's limitations who must change physical positions from sitting to standing approximately every hour would *not* be able to do medium work. (R. 53.) The ALJ's opinion fails to address how he resolved the inconsistency between Dr. Gebrail's medical opinion and the VE's testimony regarding medium work requirements, and his RFC determination that Plaintiff can perform medium work as a truck driver, warehouse worker, or janitor.

Defendant contends there is substantial evidence to support the ALJ's RFC determination because the ALJ considered Dr. Gebrail's medical opinion "in full" and explained why he afforded it "little weight." (Def.'s Mem. Supp. Mot. Summ. J. [DE #19] at 4 n.2.) However, the ALJ's discussion of the consultative examination report explicitly refers to Nurse Practitioner Maglione's "opinion." (*See* R. 26 ("This opinion has been evaluated, but has been given little weight. Ms. Maglione is a nurse practitioner, and therefore, is not an acceptable medical source.").) Dr. Gebrail's name does not appear in the ALJ's opinion, even in the paragraph where some of Dr. Gebrail's findings are mentioned. (*See* R. 20-27). In contrast, the ALJ mentions Ms. Maglione by name at least eight times and attributes the findings from the consultative examination exclusively to her. (*See* R. 26.) Defendant's argument that the ALJ properly weighed Dr. Gebrail's medical assessment strains credulity when reading the opinion from front to back.

Because the ALJ failed to discuss evidence inconsistent with the RFC determination and failed to explain how Plaintiff's neuropathy impacts the RFC determination, the undersigned is unable to determine whether the ALJ's RFC determination is supported by substantial evidence. Therefore, the case should be remanded to the Commissioner for further proceedings.

### C. Plaintiff's Credibility

Plaintiff also contends that the ALJ erred in assessing Plaintiff's credibility. In assessing a claimant's credibility, the ALJ must follow a two-step process. First, the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms. *Craig*, 76 F.3d at 594–95. Next, the ALJ must evaluate the credibility of the claimant's statements regarding those symptoms. *Id.* at 595. The Social Security regulations require that an ALJ's decision "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2016 WL 1119029, at *9 (Mar. 16, 2016). The Social Security Administration instructs its ALJs "to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s)." SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). The ALJ must consider the following factors in addition to objective medical evidence when assessing the credibility of an individual's statements:

(1) Claimant's daily activities;

(2) The location, duration, frequency, and intensity of . . . pain or other symptoms;

(3) Precipitating and aggravating factors;

(4) The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate pain or other symptoms;

(5) Treatment, other than medication, received for relief of pain or other symptoms;

(6) Any measures used to relieve pain or other symptoms; and

(7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2013); SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016).

The ALJ's credibility analysis is supported by substantial evidence. In the instant case, the ALJ's credibility analysis concludes that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 24.) The ALJ explains:

> I have considered the claimant's subjective complaints, but find them to be exaggerated. While the claimant states that he is unable to work due to debilitating back pain, he maintains his commercial driver's license, and testified that he drives approximately 100 miles a week. He reported that his back pain "comes and goes" and that for his pain, he takes two over-the-counter Aleve, which is [e]ffective. The claimant testified that he only has back pain one-to-two times a week, can walk up to one-half of a mile at a time, and has no difficulty standing. Further, the claimant testified during the day he cleans and straightens the house, vacuums, and watches television.

13

(R. 25.) While the evidence as to the intensity, persistence and limiting effects of Plaintiff's impairments was not uncontroverted, there was substantial evidence for the ALJ to reach his credibility determination regarding Plaintiff's statements about his inability to work.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE #16] be GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #18] be DENIED, and the case be REMANDED to the Commissioner for further consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **February 10, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described

14

above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.  In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 8th day of February 2017, *nunc pro tunc* January 27, 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge